UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61373-Civ-MORENO
MAGISTRATE JUDGE P.A. WHITE

HERMAN TYWION WILLIAMS,          :

      Petitioner,          :

v.                               :          REPORT OF
                                            MAGISTRATE JUDGE
WALTER A. McNEIL,                :

      Respondent.          :
_____

## Introduction

The petitioner has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions for possession of cocaine, possession of drug paraphernalia, and resisting arrest without violence entered following a no contest plea in Broward County Circuit Court, case no. 08-8678CF10A.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition (DE#1) and amendment thereto (DE#10), the Court has the state's response (DE#1), the petitioner's reply (DE#13), and state's supplemental response with multiple exhibits (DE#27-28).

In this habeas proceeding, the petitioner raises the following claims:

    1.    He was denied effective assistance of counsel, where his lawyer failed to argue that the petitioner's convictions were based on an unlawful search and seizure.

    2.    His due process rights were violated by the prosecution, who failed to disclose exculpatory evidence.

    3.    His plea was not knowing and voluntary because he did not understand the nature of the charges nor the consequences of pleading no contest.

<u>Procedural History</u>

The pertinent procedural history of this case is as follows. On May 22, 2008, the petitioner was charged by Information with possession of cocaine (Count 1), possession of drug paraphernalia (Count 2), and resisting arrest without violence (Count 3). (DE#28:Ex.11). On September 23, 2008, the petitioner pled *nolo contendere* to all charges pursuant to a negotiated plea agreement. (<u>Id</u>.; DE#28:Ex.8). On September 30, 2008, the petitioner was adjudicated guilty and sentenced to a total of two years in prison, followed by one year probation as to Count 1, and time-served as to Counts 2 and 3. (<u>Id</u>.; DE#28:Ex.9). No direct appeal was filed. (DE#28:Ex.10:2). For purposes of the federal one-year limitations period, the petitioner's conviction became final on October 30, 2008, at the expiration of the thirty-day appeal period from the judgment. <u>See</u> <u>Fla.R.App.P.</u> 9.110(b); <u>Demps v. State</u>, 696 So. 2d 1296, 1297, n.1 (Fla. 3 Dist. 1997); <u>Ramos v. State</u>, 658 So.2d 169

2

(Fla. 3 Dist. 1995); <u>Caracciolo v. State</u>, 564 So.2d 1163 (Fla. 4 Dist. 1990); <u>Gust v. State</u>, 535 So. 2d 642 (Fla. 1 Dist. 1988).

The limitations period ran unchecked for five days, from October 30, 2008 until November 4, 2008, when the petitioner returned to the trial court, filing his first Rule 3.850 motion for postconviction relief raising essentially the same claims raised in this federal petition, as listed above. (DE#28:Ex.10). On August 10, 2009, the trial court denied the motion for the reasons set forth in the state's response thereto. (DE#28:Exs.11-12). No direct appeal of the denial of the Rule 3.850 motion appears to have been filed. Thus, the time for filing an appeal therefrom expired at the latest on September 10, 2009.

While the foregoing proceedings were still pending, the petitioner then came to this court timely filing this federal petition on August 27, 2009.[1] The petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. <u>Abdul-Kabir v. Quarterman</u>, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585 (2007); <u>Penry v. Johnson</u>, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); <u>Davis v. Jones</u>, 506 F.3d 1325, 1331, n .9 (11 Cir. 2007). The respondent concedes correctly that this petition was filed within the one-year limitations period of 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000) (pendency

---

[1]<u>See</u>: <u>Adams v. U.S.</u>, 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

of properly-filed state postconviction proceedings tolls the AEDPA limitations period).

It is axiomatic that issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted prior to their consideration on the merits. Anderson v. Harless, 459 U.S. 4 (1982); Hutchins v. Wainwright, 715 F.2d 512 (11 Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the appellate process. Leonard v. Wainwright, 601 F.2d 807 (5 Cir. 1979). Both the factual substance of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. Baldwin v. Reese, 541 U.S. 27 (2004); Gray v. Netherlands, 518 U.S. 152 (1996); Duncan v. Henry, 513 U.S. 364 (1995); Picard v. Connor, 404 U.S. 270 (1971).

The respondent argues correctly in its supplemental response to the court's order to show cause that the petitioner is not entitled to review on the merits of the claims because they are unexhausted, See 28 U.S.C. §2254(b)(1) and (b)(1)(A),[2] and

---

[2]An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979). Claims of ineffective assistance of appellate counsel must be raised by petition for writ of habeas corpus in the appropriate district court of appeal. State v. Dist. Ct. of Appeal, First Dist., 569 So. 2d. 439, 442 n.1 (Fla. 1990).

prospectively procedurally barred from federal habeas corpus review. While the claims were essentially raised in the Rule 3.850 motion, no appeal from the court's denial of the motion was ever filed, thus they have not been technically exhausted before the state courts, subjecting them to a procedural bar,[3] this Court need not reach this difficult question in this particular case. Since the petitioner cannot prevail on the merits of her claims, there is no need to belabor the procedural issues here.

While this Court acknowledges that the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated. See Lambrix v. Singletary, 520 U.S. 518 (1997). See also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8 Cir. 1999)(stating that judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner and the procedural bar issues are complicated), cert. denied, 528 U.S. 846 (1999); Chambers v. Bowersox, 157 F.3d 560, 564 n. 4 (8 Cir. 1998)(stating that "[t]he simplest way to decide a case is often the best.") In this case, judicial economy dictates that the petitioner's claims be addressed on the merits.

## Discussion of Claims

---

[3] A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999).

Turning to the merits of the claims raised in the collateral proceeding, Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant new restriction upon the ability of federal courts to grant habeas corpus relief. Under the AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11 Cir. 2002)." Stewart v. Sec'y Dep't of Corr., 476 F.3d 1193, 1208 (11 Cir. 2007). See also Parker v. Sec'y Dep't of Corr., 331 F.3d 764 (11 Cir. 2003). The AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

A federal court must afford a high level of deference to the state court's decision. See Ferguson v. Culliver, 527 F.3d 1144, 1146 (11 Cir. 2008); Parker v. Sec. Dept. of Corrections, 331 F.3d at 768. Consequently, a federal court may not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)(majority opinion by O'Connor, J.).

"[A] state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003)(*quoting* <u>Early v. Packer</u>, 537 U.S. 3, 7-8 (2002). Even where a state court denies an application for post-conviction relief without written opinion, that decision constitutes an "adjudication on the merits," and is thus entitled to the same deference as if the state court had entered written findings to support its decision. <u>See</u> <u>Wright v. Sec. of Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11 Cir. 2002). Moreover, findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. <u>See</u> 28 U.S.C. §2254(e)(1); <u>Miller-El v. Dretke</u>, 545 U.S. 231, 240 (2005); <u>Crowe v. Hall</u>, 490 F.3d 840, 844 (11 Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2053 (2008); <u>Henderson v. Campbell</u>, 353 F.3d 880, 889-90 (11th Cir. 2003).

As will be demonstrated in more detail *infra*, the petitioner is not entitled to vacatur on any of the claims presented.[4] When viewing the evidence in this case in its entirety, the alleged errors raised in this collateral proceeding, neither individually nor cumulatively, infused the proceedings with unfairness as to deny the petitioner due process of law. The petitioner therefore is

---

[4]As will be demonstrated *infra*, the evidence against the petitioner was more than sufficient to support his convictions. The petitioner has not shown that the result of the proceedings would have been affected had counsel proceeded differently. In other words, no deficient performance or prejudice pursuant to <u>Strickland</u> has been established arising from any of the claims raised in this collateral proceedings, nor has a denial of due process been demonstrated. To the contrary, it is clear after independent review of the record that no constitutional violations occurred. Consequently, he has failed to demonstrate that he is entitled to habeas corpus relief in this collateral proceeding.

7

not entitled to habeas corpus relief. See Fuller v. Roe, 182 F.3d 699, 704 (9 Cir. 1999)(holding in federal habeas corpus proceeding that where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation), overruled on other grounds, Slack v. McDaniel, 529 U.S. 473, 482 (2000). See also United States v. Rivera, 900 F.2d 1462, 1470 (10 Cir. 1990)(stating that "a cumulative-error analysis aggregates only actual errors to determine their cumulative effect."). Contrary to the petitioner's apparent assertions, the result of the proceedings were not fundamentally unfair or unreliable. See Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

## Voluntariness of Plea Claim

In **claim three**, the petitioner asserts that his plea was not knowing and voluntary because he did not understand the nature of the charges nor the consequences of pleading no contest. He appears to fault counsel for failing to challenge at the suppression proceeding the state's failure to disclose Brady material, and the fact that there was no probable cause to arrest the petitioner. This claim is clearly refuted by the record.

First, the petitioner waived his right to contest all nonjurisdictional defects and defenses, when he entered a knowing and voluntary guilty plea. Where a criminal defendant enters a knowing, voluntary, and intelligent plea of guilty to an offense or offenses, he waives, or more accurately, forfeits all non-jurisdictional defects and defenses. See United States v. Broce, 488 U.S. 563 (1989); McMann v. Richardson, 397 U.S. 759 (1970) (voluntary guilty plea waives all non-jurisdictional defects); United States v. De La Garza, 516 F.3d 1266, 1271 (11th Cir. 2008), quoting, Wilson v. United States, 962 F.2d 996 (11th Cir. 1992)(claim of ineffective assistance of counsel relating to

pre-plea issues waived by voluntary guilty plea); <u>McCoy v. Wainwright</u>, 804 F.2d 1196, 1198 (11th Cir. 1986)(voluntary guilty plea waives all non-jurisdictional defects); <u>see</u> <u>also</u>, <u>United States v. Glinsey</u>, 209 F.3d 386, 392 (5th Cir. 2000), <u>citing</u>, <u>United States v. Smallwood</u>, 920 f.2d 1231, 1240 (5th Cir. 1991); <u>Smith v. United States</u>, 447 F.2d 487, 488 (5th Cir. 1971), <u>citing</u>, <u>Hayes v. Smith</u>, 447 F.2d 488 (5th Cir. 1971). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." <u>United States v. Glinsey</u>, 209 F.3d at 392.

The law is clear that before a trial judge can accept a guilty plea, the defendant must be advised of the various constitutional rights that he is waiving by entering such a plea. <u>Boykin v. Alabama</u>, 395 U.S. 238, 243 (1969). Since a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. <u>Brady v. United States</u>, 397 U.S. 742, 748 (1970). A voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked. <u>Mabry v. Johnson</u>, 467 U.S. 504, 508 (1984). A guilty plea must therefore stand unless induced by misrepresentation made to the accused person by the court, prosecutor, or his own counsel. <u>Mabry</u>, 467 U.S. at 509, <u>quoting</u>, <u>Brady v. United States</u>, 397 U.S. at 748.

In other words, if a guilty plea is induced through threats, misrepresentations, or improper promises, the defendant cannot be said to have been fully apprised of the consequences of the guilty plea and may therefore challenge the guilty plea under the Due Process Clause. <u>Mabry v. Johnson</u>, 467 U.S. at 509. <u>See also</u> <u>Santobello v. New York</u>, 404 U.S. 257 (1971). In construing a plea

agreement, the court must decide whether the defendant reasonably understood the terms of the plea agreement when he pleaded guilty. Id. See also United States v. Hernandez, 322 F.3d 592, 599 (9 Cir. 2003).

The record demonstrates that the no contest plea was entered knowingly and voluntarily by the petitioner after a thorough plea colloquy conducted by the trial court and not without understanding the direct consequences of the plea, as alleged. (DE#28:Ex.9-Waiver of Rights Form; Ex.7:Trans. Change of Plea Proceeding). Specifically, the record reveals that the petitioner acknowledged under oath that he wished to plead guilty, and acknowledged that he faced a maximum of 7 years in prison. (Id.). The petitioner further acknowledged the constitutional rights he was waiving, including the right to call witnesses and present any legal defenses he might be entitled to under the law. (DE#28:Ex.7:19-24). The petitioner further stated he had a sufficient opportunity to consult with his lawyer about his case, and was satisfied with counsel's representation. (Id.:24). He denied being threatened or otherwise forced to change his plea, and was doing so voluntarily. (Id.:24-25). The petitioner also indicated he voluntarily executing the waiver of rights form. (Id.:24). The petitioner acknowledged that by pleading no contest, he was effectively advising counsel not to conduct any further investigation, not to participate in any more discovery, nor take depositions of witnesses, and not to present any legal defenses he might be entitled to under the law, including the filing of a motion to suppress and/or to dismiss. (Id.:21-22).

The above-mentioned sworn statements made by the petitioner in connection with the entry of the plea carry a strong presumption of truthfulness and pose a formidable barrier in these subsequent collateral proceedings. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Kelley v. Alabama, 636 F.2d 1082, 1084 (5 Cir. Unit B.

10

1981).

Under the circumstances presented here, no showing has been made that the petitioner's plea was anything other than knowing and voluntary, and not the product of any form of misrepresentation or unfulfilled promises.[5]  Review of the record yields no suggestion that this finding is not supported by the record or that counsel was otherwise deficient. Thus, it is apparent that the petitioner's guilty plea was freely, voluntarily and knowingly entered with the advice received from competent counsel. Therefore, the state court's rejection of this claim, albeit on a different factual basis, is in accordance with federal constitutional principles and should not be disturbed here. <u>Williams v. Taylor</u>, <u>supra</u>.

To the extent the petitioner means to argue that counsel was ineffective for failing to further challenge and/or seek suppression on the basis that there was no probable cause to arrest the petitioner, because the petitioner could have proved his innocence, that claim was waived by his knowing and voluntary plea, as noted above. Moreover, at the change of plea, the parties stipulated that the probable cause affidavit sufficiently established a *prima facie* case which would result in a conviction. (Cr-DE#28:Ex.7:25).  Review of the probable cause affidavit reveals that on May 7, 2008, the petitioner was observed trespassing at the

---

[5]Federal courts in habeas corpus proceedings are required to grant a presumption of correctness to state court's explicit and implicit findings of fact, if supported by the record. 28 U.S.C. §2254(e)(1); <u>Green v. Johnson</u>, 160 F.3d 1029, 1045 (5 Cir. 1998), <u>cert</u>. <u>denied</u>, 525 U.S. 1174 (1999). Thus, even where the state courts make no express findings, federal courts reviewing petitions for habeas corpus are entitled to "reconstruct the findings of the state trier of fact, either because his view of the facts is plain from his opinion or because of other indicia." <u>Fike v. James</u>, 833 F.2d 1503, 1505-06 (11 Cir. 1987), <u>quoting</u>, <u>Townsend v. Sain</u>, 372 U.S. 293, 314 (1963), <u>overruled in part on other grounds</u>, <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1 (1992). Accordingly, if it is clear that the trial court would have granted the relief sought by the petitioner had it believed the testimony of certain witnesses, "its failure to grant relief was tantamount to an express finding against the credibility of [those witnesses]." <u>Marshall v. Lonberger</u>, 459 U.S. 422, 433 (1983), <u>citing</u>, <u>LaVallee v. Delle Rose</u>, 410 U.S. 690 (1973).

gas station on the north side of S.W. 27th Avenue and Davie Boulevard. (DE#28:Ex.2-Probable Cause Affidavit). The officer made contact with the petitioner, advising him that he was trespassing, and then asking the petitioner whether he had any illegal on his person. (<u>Id</u>.). At that time, he also requested consent to search the petitioner. (<u>Id</u>.). The petitioner, however, then reached into his left front pocket of his shorts, removing a brown bag containing crack cocaine and a crack cocaine pipe, which he then dropped to the ground, as he fled on foot eastbound on Davie Boulevard. (<u>Id</u>.). A chase ensued, with the officer eventually apprehending and arresting the petitioner. (<u>Id</u>.). On the record before this court, the petitioner has not demonstrated that the police lacked probable cause nor that he was actually innocent of the offenses.

It should be noted that the function of federal habeas corpus is to redress constitutional errors, not to relitigate state criminal cases. <u>Mize v. Hall</u>, 532 F.3d 1184, 1195 (11 Cir. 2008), <u>citing</u>, <u>Herrera v. Collins</u>, 506 U.S. 390, 401 (1993).[6] Consequently, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." <u>Id</u>. at 400. A claim of actual innocence is normally used not as a freestanding basis for habeas relief, but rather as a reason to excuse the procedural default of an independent constitutional claim. <u>See Id</u>. at 404. Although, the Eleventh Circuit has likewise recognized the possibility of freestanding actual innocence claims, <u>see Felker v. Turpin</u>, 83 F.3d 1303, 1312 (11th Cir. 1996), <u>cert.</u>

---

[6]In <u>Herrera v. Collins</u>, 506 U.S. 390, 417 (1993), the Supreme Court assumed "for the sake of argument in deciding [the] case, that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim."

granted, 517 U.S. 1182 (1996) and cert. dismissed, 518 U.S. 651 (1996), it has nevertheless recognized that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002) (quoting Herrera, 506 U.S. at 400). Under these circumstances, the petitioner's actual innocence claim does not appear to state a ground for federal habeas relief.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995).

"To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328 (1995)." Bousley v. United States, 523 U.S. 614, 623 (1998). "[T]he Schlup standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." Id. at 537. In this context, "actual innocence" means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2 Cir. 2004)("As Schlup makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

Schlup observes that "a substantial claim that constitutional

13

error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." <u>Schlup</u>, 513 U.S. at 324. No such showing has been made in the state forum or this habeas proceeding. In this case, the petitioner's actual innocence claim at is highly suspect and therefore rejected, especially in light of the facts contained in the Probable Cause Affidavit and as stipulated to by the parties at the change of plea hearing.

<u>Ineffective Assistance of Counsel Claim</u>

In **claim one**, the petitioner asserts that he was denied effective assistance of counsel, where his lawyer failed to argue that the petitioner's convictions were based on an unlawful search and seizure. Construing his argument liberally as afforded *pro se* prisoners, the petitioner appears to argue that his suppression motion should have been granted because there was no probable cause for the petitioner's arrest, and because he could have proved his innocence. He claims, without any objective evidence, that Ft. Lauderdale Police Officer Jason Maldonado had no reasonable suspicion to justify either an investigatory stop, nor did he obtain consent to subsequently search the petitioner.[7]

Challenges to counsel's effectiveness are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668

---

[7]It appears that prior to being taken into custody, the officer was unable to obtain the petitioner's consent as he fled. However, once he was arrested, the officer clearly had probable cause to search the petitioner incident to the arrest.

(1994), which is not a favorable standard. <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 505 (2003). To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defendant. <u>Chandler v. United States</u>, 218 F.3d 1305, 1312-13 (11th Cir. 2000)(<i>en banc</i>), <u>cert</u>. <u>denied</u>, 531 U.S. 1204 (2001). ; <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Moreover, a habeas court's review of a claim under the Strickland standard is "doubly deferential." <u>Knowles v. Mirzayance</u>, ___ U.S. __, 129 S.Ct. 1411, 1418, 173 L.Ed.2d 251 (2009).

In deciding whether counsel's performance was deficient, judicial scrutiny is "highly deferential" and requires us to "'indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment.'" <u>Id</u>. at 1314 (quoting <u>Strickland v. Washington</u>, 466 U.S. at 689-90; <u>Chandler v. United States</u>, 218 F.3d 1305 (11 Cir. 2000)(en banc), <u>cert</u>. <u>denied</u>, 531 U.S. 1204 (2001). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance." <u>Van Poyck v. Florida Dept. of Corrections</u>, 290 F.3d 1318, 1322 (11 Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), quoting, <u>Strickland v. Washington</u>, 466 U.S. 668, 690. Review of counsel's conduct is to be highly deferential. <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. <u>White v. Singletary</u>, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11 Cir. 1992). A claim of ineffective assistance is a mixed

question of law and fact. <u>Strickland</u>, 466 U.S. at 698.

The Eleventh Circuit will not "second-guess counsel's strategy." <u>Chandler</u>, 218 F.3d at 1314, n.14. Strategic choices, even those "made after less than complete investigation," are evaluated for their reasonableness and "counsel's reliance on particular lines of defense to the exclusion of others--whether or not he investigated those other defenses--is a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." <u>Chandler</u>, 218 F.3d at 1318 (<u>quoting</u> <u>Strickland</u>, 466 U.S. at 690-91).

The courts "are not interested in grading lawyers' performances;" but rather, "are interested in whether the adversarial process at trial...worked adequately." <u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir. 1994)(quotation marks omitted). To be unreasonable, the performance must be such that "no competent counsel would have taken the action that [the petitioner's] counsel did take." <u>Grayson v. Thompson</u>, 257 F.3d 1194, 1216 (11th Cir. 2001)(emphasis omitted). In other words, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." <u>Rogers v. Zant</u>, 13 F.3d at 386.

Under the second prong of the test set forth in <u>Strickland</u>, the petitioner can be said to have been prejudiced by counsel's performance only if there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694. Rather, the petitioner must demonstrate that "there is a reasonable probability that, absent [counsel's] errors, the jury

16

would have had a reasonable doubt regarding [his] guilt." <u>Blackburn v. Foltz</u>, 828 F.2d 1177, 1186 (6th Circ. 1987), <u>cert. den'd</u>, 485 U.S. 970 (1988), <u>see also</u>, <u>Montgomery v. Petersen</u>, 846 F.2d 407, 416 (7th Cir. 1988).

However, it is well settled that tactical or strategic choices by counsel cannot support a collateral claim of ineffective assistance. <u>United States v. Costa</u>, 691 F.2d 1358 (11 Cir. 1982); <u>Coco v. United States</u>, 569 F.2d 367 (5 Cir. 1978). Even if such a decision in retrospect appears incorrect, it can constitute ineffective assistance only "if it was so patently unreasonable that no attorney would have chosen it," <u>Adams v. Wainwright</u>, 709 F.2d 1443, 1445 (11 Cir.), <u>cert. denied</u>, 464 U.S. 1663 (1984), or if the petitioner can demonstrate a "reasonable probability that the verdict [otherwise] would have been different." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986).

It is well-settled that police/citizen encounters fall within one of three categories: (1) consensual encounters where an officer elicits a citizen's voluntary cooperation which do not implicate the Fourth Amendment; (2) investigative detentions which are Fourth Amendment seizures of limited scope and duration and must be supported by a reasonable suspicion that a person has committed or is committing a crime, the "Terry" stop; and (3) arrests, the most intrusive of Fourth Amendment seizures and reasonable only if supported by probable cause. <u>See</u> <u>U.S. v. Santibanez Garcia</u>, 132 F.Supp.2d 1338, 1341-45 (M.D.Fla. 2000) and cases cited therein. <u>See also</u> <u>United States v. Espinosa-Guerra</u>, 805 F.2d 1502, 1506 (11 Cir.1986) (identifying investigative stops and full scale arrests among tiers of police-citizen encounters which implicate the Fourth Amendment). The law in Florida is the same. <u>See</u> <u>Popple v. State</u>, 626 So.2d 185, 186 (Fla. 1993)(identifying and defining the three levels of police-citizen encounters).

On the facts of this case, no constitutional violation occurred. As will be recalled, the Probable Cause Affidavit reveals that the petitioner was observed trespassing. When he was approached, the petitioner reached into his pocket, removed drugs and drug paraphernalia, dropping them on the floor, and then fled. It should be noted in passing that the petitioner had not been seized within the meaning of the Fourth Amendment at the time the officers first requested that he stop. See California v. Hodari D., 599 U.S. 621, 626 (1991)(seizure does not occur until the suspect is actually physically subdued by an officer or submits to the officer's show of authority). In this case, however, after throwing those items to the ground and fleeing, the officer gave lawful chase, as the petitioner committed a crime. See C.E.L. v. State, 995 So.2d 558, 561 (Fla. 2 DCA 2008); Texas v. Brown, 460 U.S. 730, 741-42 (1983)(probable cause merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband; it does not demand any showing that such belief be correct or more likely true than false.); Curtis v. State, 748 So.2d 370, 374 (Fla. 4 DCA 2000)(officer's belief that what he saw in defendant's mouth was crack cocaine was sufficient for probable cause even though he conceded substance could have been something else.); Smalls v. State, 858 So.2d 1244, 1246 (Fla. 5 DCA 2003)(accord); Houston v. State, 925 So.2d 404, 408-09 (Fla. 5 DCA 2006).

When considering the totality of the circumstances as it appeared to the officer at the time of the stop, the officer had sufficient facts available to give rise to a reasonable suspicion that the petitioner had been engaged in criminal activity, justifying an investigative stop under Terry. Even if the officer had no reasonable suspicion to stop the petitioner, the officer had probable cause to effectuate the petitioner's arrest once he was observed the petitioner throwing crack cocaine and drug pipes onto

the ground. Consequently, no deficient performance or prejudice has
been established arising from counsel's failure to further pursue
this issue. Under these circumstances, the state court's rejection
of this claim should not be disturbed here. <u>Williams v. Taylor</u>,
<u>supra</u>.

## Remaining Claims

In **claims one and two**, the petitioner asserts that his due
process rights were violated by the prosecution, who failed to
disclose exculpatory evidence. He suggests, without any objective
evidence in support thereof, that the prosecution withheld some
unidentified, exculpatory <u>Brady</u> material which would have aided his
defense. He also appears to fault counsel for failing to adopt his
*pro se* motion for <u>Brady</u> material and/or otherwise failed pursue
this issue, as well as, for failing to adopt the *pro se* writ to
compel the state to turn over the <u>Brady</u> material. According to the
petitioner, the BP gas station on 27th Avenue and northeast side of
Davie Boulevard has a video surveillance system, and the videotape
for the date in question, May 7, 2008, as well as, the videotape
from the dash camera of the patrol car driven by Officer Maldonado
on the day in question, would have served to confirm the exact
location where the petitioner was stopped and searched, and would
have proven that Officer Maldonado never came in contact with the
petitioner at the location the officer listed in his probable cause
affidavit.

Review of the record reveals that the state, in its discovery,
maintained there was no evidence that any videotapes, nor was the
state aware of any evidence falling within the purview of <u>Brady</u>
which required disclosure to the defense. (DE#28:Ex.4). Moreover,
at the change of plea proceedings, the parties both represented
that it was unaware of the existence of any <u>Brady</u> material. (<u>Id</u>.).

The petitioner also confirmed this fact. (DE#28:Ex.7).

In <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Supreme Court established three criteria a criminal defendant must prove in order to establish a violation of due process resulting from the prosecution's withholding of evidence. Specifically, the defendant alleging a <u>Brady</u> violation must demonstrate (1) that the prosecution suppressed evidence, (2) that the evidence suppressed was favorable to the defendant or exculpatory, and (3) that the evidence suppressed was material. <u>United States v. Severdija</u>, 790 F.2d 1556, 1558 (11 Cir. 1986). This duty covers not only exculpatory material, but also information that could be used to impeach a key government witness. <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." <u>United States v. Stewart</u>, 820 F.2d 370, 374 (11 Cir. 1987), <u>quoting</u>, <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985). A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome. <u>United States v. Alzate</u>, 47 F.3d 1103, 1109-1110 (11th Cir. 1995), <u>quoting</u>, <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).

In this case, the petitioner cannot satisfy any prong under <u>Brady</u>. As correctly argued by the state in the Rule 3.850 proceeding, no showing has been made either in the state forum or this habeas proceeding that this evidence, in fact, existed much less that it was exculpatory and material. To the contrary, it might have been more inculpatory than exculpatory because it could have affirmed that the petitioner was, in fact, trespassing, and then dropped the drug laden bag onto the floor before fleeing from police.

When the claim was raised in the Rule 3.850 proceeding, the trial court denied the claim based on the state's response thereto, which argued that there is nothing of record to support the existence of any purported videotapes, and even if they did exist, the petitioner speculates that it would have offered exculpatory information. (DE#28:Ex.10). The respondent further argued correctly that the petitioner waived the right to challenge the lawfulness of the stop and ensuing arrest when he entered into a knowing and voluntary plea. (<u>Id</u>.). Independent review of the record yields no suggestion that the state knew of the existence of these alleged videotapes, much less that they knowingly suppressed it.

Under the totality of the circumstances present here, even if the prosecution had produced the videotapes, and/or counsel procured them independently, and then sought to introduce them at trial, no showing has been made that had the petitioner gone to trial, it would have affected the guilt phase portion thereof, resulting in an acquittal of all charges. Consequently, the rejection of the claim in the state forum was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Relief must therefore be denied pursuant to 28 U.S.C. §2254(d). <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).

To the extent the petitioner further argues that the evidence was essential to discredit or otherwise impeach Officer Maldonado, no showing has been made in the state forum or in this habeas proceeding that the officer lied in his probable cause affidavit or at the suppression hearing nor that the prosecution suborned perjury.

A different and more defense-friendly standard of materiality

21

applies where the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony. Where either of those events has happened, the falsehood is deemed to be material "if there is any reasonable likelihood that the false testimony <u>could have</u> affected the judgment of the jury." <u>United States v. Agurs</u>, 427 U.S. 97, 103 (1976) (emphasis added); <u>accord</u>, <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972); <u>Napue v. Illinois</u>, 360 U.S. 264, 271 (1959).  As the Supreme Court has held, this standard of materiality is equivalent to the <u>Chapman v. California</u>, 386 U.S. 18, 24 (1967), "harmless beyond a reasonable doubt" standard.  <u>United States v. Bagley</u>, 473 U.S. 667, 679, n. 9 (1985). In this case, no such showing has been made. Even if, as maintained by the petitioner, these items had been provided, no showing has been made that it would have differed from the evidence as contained in Officer Maldonado's report. To the contrary, it is not unreasonable to conclude that the evidence would have been more harmful than beneficial to the defense. Consequently, no due process violation has been demonstrated, the claim fails on the merits, and the state court's rejection should thus not be disturbed here. <u>See</u> <u>Williams v. Taylor</u>, <u>supra</u>.

Lastly, to the extent the petitioner appears to argue that he is entitled to a federal evidentiary hearing on his claims, that claim also warrants no habeas corpus relief here. If a habeas corpus petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of the claim." <u>Holmes v. United States</u>, 876 F.2d 1545, 1552 (11 Cir. 1989), <u>quoting</u> <u>Slicker v. Wainwright</u>, 809 F.2d 768, 770 (11 Cir. 1987). However, no hearing is required where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous. <u>Holmes</u>, <u>supra</u> at 1553.  Here, for the reasons which have been discussed, the petitioner's claims are all affirmatively

contradicted by the existing record or without merit, so no federal hearing is necessary or warranted.

<u>Conclusion</u>

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 20th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Herman Tywion Williams, <u>Pro Se</u>
     DC#196481
     Dade Correctional Institution
     19000 S.W. 377th Street
     Florida City, FL 33034-6499
     (address of record)

     Herman Tywion Williams, <u>Pro Se</u>
     DC#196481
     Dade County Jail
     1321 N.W. 13th Street
     Miami, FL 33125
     (current address at Florida Dep't of Corrections)

     Laura Fisher, Ass't Atty Gen'l
     Office of the Attorney General
     Department of Legal Affairs
     1515 North Flagler Drive, #900
     West Palm Beach, FL 33401